UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCI McKINNEY and JEFF McKINNEY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BIOLIFE PLASMA SERVICES, L.P. and JIM DOE,<br><br>　　　　　Defendants. | Case No. 1:12-cv-1296 |

## BIOLIFE'S NOTICE OF REMOVAL

Defendant, BioLife Plasma Services, L.P. ("BioLife"), a Pennsylvania limited partnership with its principal place of business in Illinois, by and through undersigned counsel, hereby files its Notice of Removal of the above-captioned action, pursuant to 28 U.S.C. § 1332, § 1441 and § 1446, from the Superior Court of Marion County, Indiana, in which this action is currently pending, to the United States District Court for the Southern District of Indiana, and, in support thereof, states:

### PLAINTIFFS' CLAIMS

1.　　The above-captioned action was originally filed by Plaintiffs, Marci McKinney and Jeff McKinney ("Plaintiffs"), in the Superior Court of Marion County, Indiana, Cause No. 49D04-1208-CT-031593.  In the lawsuit, Plaintiffs purport to allege claims related to the blood screening and reporting procedures utilized by BioLife with regard to Mrs. McKinney's plasma donation.  BioLife denies all of Plaintiffs' allegations.

## DIVERSITY OF CITIZENSHIP

2.     Plaintiffs allege in the Complaint at ¶ 1 that they are residents of the State of Indiana.

3.     BioLife is not a citizen of the State of Indiana; rather BioLife Plasma Services, L.P., is a Pennsylvania limited partnership between Baxter Healthcare Corporation, which is a Delaware corporation with its principal place of business in Illinois, and BioLife Plasma, L.L.C., which is a Delaware limited liability corporation with its principal place of business in Illinois. The sole member of BioLife Plasma, L.L.C. is Baxter Healtcare Corporation.

4.     Plaintiffs name "Jim Doe" as a defendant and allege in the Complaint at ¶ 7 that Jim Doe is a resident of the State of Indiana.  Pursuant to 42 U.S.C. § 1441(b)(1), however, the citizenship of defendants sued under fictitious names, such as Jim Doe, shall be disregarded for purposes of removal based on diversity of citizenship.

5.     Because this action is between citizens of different States, diversity of citizenship exists pursuant to 29 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

6.     The value of the damages sought by Plaintiffs in this action exceeds the minimum $75,000.00 requirement stated in 28 U.S.C. § 1332(a), exclusive of interest and costs.  Plaintiffs allege in the Complaint at ¶¶ 16 and 17 that, among other things, both Plaintiffs have sustained emotional distress and and that Mrs. McKinney has suffered damages to her reputation, incurred medical expenses, lost income, time, and lost enjoyment of life.

7.     Although the Complaint does not specify the amount of Plaintiffs' alleged damages, Plaintiffs recently made a demand that BioLife pay an amount in excess of $75,000 to settle this case.  On that basis alone, this case is now removable.  *See Huffman v. Dick's Sporting*

*Goods, Inc.*, No. 1:06-cv-0959-JDT-TAB, 2006 U.S. Dist. LEXIS 56620 (S.D. Ind. 2006) (removal appropriate based on a pre-suit settlement demand from plaintiff for $80,000); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-817 (7th Cir. 2006) (affirming that removal was appropriate based on plaintiff's own settlement demand of $160,000).

8. Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, this Court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between a citizen of this state and a citizen of a foreign state. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of this state and a citizen of a foreign state and since the matter in controversy exceeds the sum or value of $75,000.00, as a matter of law, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## REMOVAL TO THIS JURISDICTION IS PROPER

9. This Court is the proper district court for removal because the Superior Court for Marion County is located within the Southern District of Indiana, Indianapolis Division. *See* 42 U.S.C. § 1441(a).

## NOTICE IS TIMELY

10. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after August 13, 2012, when BioLife received service of the Complaint for Damages. Such service was BioLife's earliest receipt of the Complaint.

## CONSENT TO REMOVAL

11. BioLife is the only defendant who has been properly joined or served and thus the only defendant whose consent is required for removal. The consent of fictitious defendant Jim Doe is not required. 42 U.S.C. §§ 1441, 1446.

### NOTICE PROPERLY SERVED

12. Written notice of the filing of this Notice of Removal, this day, has been given to the Plaintiffs, through their counsel of record, Theodore J. Blanford and William D. Beyers, Hume Smith Geddes Green & Simmons, LLP, 54 Monument Circle, 4th Floor, Indianapolis, IN 46204.

13. A copy of this Notice of Removal also is being filed contemporaneously with the Clerk of the Superior Court for Marion County, Indiana.

14. BioLife files with this Notice of Removal true and correct copies of all process, pleadings and orders served and filed in the above-captioned state action. *See* Composite <u>Exhibit 1</u>.

15. Based on the foregoing, BioLife submits that removal of this action is authorized under 28 U.S.C. § 1332 and § 1441.

WHEREFORE, BioLife respectfully requests that this Court take jurisdiction of this matter and that removal of this cause to this Court be hereby effectuated, and this Court grant all other relief to which BioLife is entitled.

Respectfully submitted,

ICE MILLER LLP

 /s/ Alison D. Plavin
George A. Gasper (# 24466-41)
Alison D. Plavin (# 28728-49)

*Attorneys for Defendant, BioLife Plasma Services, L.P.*

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282
(317) 236-2426
Fax: (317) 592-4825
george.gasper@icemiller.com
alison.plavin@icemiller.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following, via United States first class mail, postage prepaid, the 11th day of September, 2012:

>Theodore J. Blanford
>William D. Beyers
>Hume Smith Geddes Green & Simmons, LLP
>54 Monument Circle, 4th Floor
>Indianapolis, IN 46204

>/s/  Alison D. Plavin

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2310