UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARCI MCKINNEY and JEFF MCKINNEY, )<br>    *Plaintiffs*, )<br>                      )<br>   *vs*.                     )<br>                      )<br>BIOLIFE PLASMA SERVICES, LP and JIM DOE, )<br>    *Defendants*. )  | 1:12-cv-01296-JMS-DKL |

**<u>ORDER TO FILE JOINT JURISDICTIONAL STATEMENT</u>**

Defendant BioLife Plasma Services, LP ("<u>BioLife</u>") filed a Notice of Removal on September 11, 2012. [Dkt. 1.] In the Notice, BioLife states that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because: (1) "Plaintiffs allege in the Complaint…that they are residents of the State of Indiana," [*id.* at 2, ¶ 2]; (2) BioLife is a Pennsylvania limited partnership between Baxter Healthcare Corporation (a Delaware corporation with its principal place of business in Illinois) and BioLife Plasma, LLC (a Delaware limited liability corporation with its principal place of business in Illinois), and the sole member of BioLife Plasma, LLC is Baxter Healthcare Corporation, [*id.* at 2, ¶ 3]; (3) Defendant Jim Doe is a fictitious defendant, so should be disregarded for purposes of determining diversity jurisdiction, [*id.* at 2, ¶ 4]; and (4) although the Complaint does not specify the amount Plaintiffs' seek, they have demanded over $75,000 to settle the case and, accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, [*id.* at 2-3, ¶¶ 6-7].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always

has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Because neither BioLife's Notice of Removal, [dkt.1], nor the Complaint, [dkt. 1-1], provides Plaintiffs' citizenship, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, the parties are reminded that: (1) an allegation of residency is not enough to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; (3) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); and (4) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **September 28, 2012** setting forth Plaintiffs' citizenship. If the parties cannot agree on Plaintiffs' citizenship, or on any other jurisdictional requirement, they are ordered to file competing jurisdictional statements by **September 28, 2012** setting forth their positions. The joint jurisdictional statement, or competing jurisdictional statement, shall satisfy Plaintiffs' obligations under Local Rule 81-1.

09/14/2012

                                          Hon. Jane Magnus-Stinson, Judge
                                          United States District Court
                                          Southern District of Indiana

**Distribution via ECF only:**

William David Beyers
HUME SMITH GEDDES GREEN & SIMMONS
bbeyers@humesmith.com

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

George A. Gasper
ICE MILLER LLP
george.gasper@icemiller.com

Alison D. Plavin
ICE MILLER LLP
alison.plavin@icemiller.com