UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARCI MCKINNEY AND JEFF MCKINNEY,      )
    *Plaintiffs*,                                        )
                                 )
    *vs.*                                                  )         1:12-cv-1296-JMS-DKL
                                 )
BIOLIFE PLASMA SERVICES, LP, AND JIM      )
HENDY,                                                 )
    *Defendants*.

**<u>ORDER TO SHOW CAUSE</u>**

Plaintiffs Marci and Jeff McKinney initially filed this action in state court against Biolife

Plasma Services, LP ("<u>Biolife</u>") and a fictitiously named defendant "Jim Doe." [Dkt. 1-1.] Bi-

olife removed the McKinneys' complaint to federal court in September 2012, alleging that this

Court had diversity jurisdiction over the McKinneys' claims. [Dkt. 1 at 2.] In a joint jurisdic-

tional statement, the parties identified "Jim Doe" as Jim Hendy but had not determined Mr. Hen-

dy's citizenship. [Dkt. 9.] The Court ordered the McKinneys to conduct the requisite investiga-

tion into Mr. Hendy's citizenship and file an Amended Complaint. [Dkt. 10.] On October 5,

2012, the McKinneys filed their First Amended Complaint, alleging that they are citizens of In-

diana and that Mr. Hendy is a citizen of Indiana. [Dkt. 12 at 1-2.] Their Amended Complaint

does not allege a basis for this Court's jurisdiction. [Dkt. 12.]

This Court has diversity jurisdiction over civil actions where the amount in controversy

exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28

U.S.C. § 1332. For purposes of removal, "the citizenship of defendants sued under fictitious

names shall be disregarded." 28 U.S.C. § 1441(a). As a general matter, "John Does" are not al-

lowed in federal diversity suits because diversity jurisdiction must be proved by the plaintiffs

rather than assumed as a default. *Howell v. Tribune Entertainment Co. v. Tribune Entertainment*

- 1 -

*Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship"); *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that [ABC Corporations] 1-10 are diverse with respect to the plaintiff").  The Court must dismiss or remand a case if at any time it finds that subject matter jurisdiction is lacking.  *See Hart v. Terminex Intern.*, 336 F.3d 541, 544 (7th Cir. 2003) (dismissing case for lack of jurisdiction after determining on appeal that district court did not have diversity jurisdiction despite eight years of litigation in federal court).

It appears that Biolife's removal of the McKinney's action was proper because Biolife could ignore "Jim Doe" for purposes of assessing diversity jurisdiction at the time of removal; however, those circumstances have materially changed.  But Jim Doe has now been identified as Jim Hendy, and Mr. Hendy is alleged to be a citizen of the same state as the McKinneys (Indiana).  Because it appears that there is no longer complete diversity of citizenship, the Court **ORDERS** the parties to **SHOW CAUSE** by **October 15, 2012**, why this Court should not remand this case to state court for lack of diversity jurisdiction.  The parties may file a joint statement or, if they cannot agree, file competing statements by that date.

10/09/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

- 3 -

William David Beyers
HUME SMITH GEDDES GREEN & SIMMONS
bbeyers@humesmith.com

Alison D. Plavin
ICE MILLER LLP
alison.plavin@icemiller.com

George A. Gasper
ICE MILLER LLP
george.gasper@icemiller.com